IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADAPTIX, INC.<br>　　　Plaintiff,<br><br>v.<br><br>CLEARWIRE CORPORATION,<br>CLEARWIRE LEGACY LLC,<br>and<br>SPRINT NEXTEL CORPORATION<br>　　　Defendants | CIVIL ACTION NO. _____<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Adaptix, Inc. ("Plaintiff" or "Adaptix"), by and through its undersigned counsel, files this Complaint against Defendants Clearwire Corporation, Clearwire Legacy LLC, and Sprint Nextel Corporation as follows:

## NATURE OF THE ACTION

1.　　This lawsuit pertains to Defendants' infringement of each of the following patents: (1) U.S. Patent No. 6,904,283, titled "Multi-Carrier Communications With Group-Based Subcarrier Allocation" (the "'283 Patent"); (2) U.S. Patent No. 6,947,748, titled "OFDMA With Adaptive Subcarrier-Cluster Configuration and Selective Loading" (the "'748 Patent"); (3) U.S. Patent No. 7,072,315, titled "Medium Access Control for Orthogonal Frequency-Division Multiple-Access (OFDMA) Cellular Networks" (the "'315 Patent"); (4) U.S. Patent No. 7,146,172, titled "Multi-Carrier Communications With Adaptive Cluster Configuration and Switching" (the "'172 Patent"); (5) U.S. Patent No. 7,379,742, titled "Multi-Carrier

Communications With Adaptive Cluster Configuration and Switching" (the "'742 Patent"); and (6) U.S. Patent No. 7,454,212 titled "OFDMA with Adaptive Subcarrier-Cluster Configuration and Selective Loading," (the "'212 Patent"). Copies of these patents are attached hereto as Exhibits "A" through "F," respectively.

## PARTIES

2.     Plaintiff Adaptix, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 4100 Midway Road, Suite 1025, Carrollton, Texas 75007. Adaptix is the assignee of all right, title, and interest in and to the Patents.

3.     Defendant Clearwire Corporation ("Clearwire Corp.") is a corporation organized and existing under the laws of the State of Delaware. Clearwire Corp. was incorporated on or about May 14, 2008 and was formerly known as "New Clearwire Corporation" until approximately November 28, 2008. Clearwire Corp.'s principal place of business is located at 4400 Carillon Point, Kirkland, Washington 98033. Clearwire Corp. does business in Texas and in the Eastern District of Texas. Clearwire Corp. may be served via its registered agent for service of process: Corporation Service Co., 2711 Centerville Road, Suite 400, Wilmington DE 19808.

4.     Defendant Clearwire Legacy LLC ("Clearwire Legacy") is a corporation organized and existing under the laws of the State of Delaware. Clearwire Legacy was incorporated on or about May 14, 2008. Clearwire Legacy was formerly known as "Clearwire Mergersub LLC" until approximately October 15, 2008, and was formerly known as "Clearwire Sub LLC" until approximately December 1, 2008. Clearwire Legacy's principal place of business is located at 4400 Carillon Point, Kirkland, Washington 98033. Clearwire does

business in Texas and in the Eastern District of Texas. Clearwire Legacy may be served via its registered agent for service of process, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington DE 19808.

5. Defendant Sprint Nextel Corporation ("Sprint ") is a corporation organized and existing under the laws of the State of Kansas, with its principal place of business located at 6500 Sprint Parkway HL-5A STX, Overland Park, KS 66251. Sprint Nextel does business in the State of Texas and in the Eastern District of Texas. Sprint Nextel may be served via its registered agent for service of process, Corporation Service Company, 200 SW 30th Street, Topeka, KS 66611.

## JURISDICTION AND VENUE

6. This action arises under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. § 271. This Court has original and exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

7. The Court has personal jurisdiction over each Defendant. Each Defendant has conducted and does conduct business within the State of Texas. Each Defendant, directly and/or through intermediaries (including distributors, retailers, and others), offers for sale, sells, advertises, and/or uses its products and services in the United States, the State of Texas, and the Eastern District of Texas. Each Defendant, directly and/or through intermediaries, has committed patent infringement within the State of Texas, and, more particularly, within the Eastern District of Texas. Each Defendant, directly and/or through intermediaries, owns or has owned property located in Texas and the Eastern District of Texas, including the property that it

has used to commit patent infringement as well as substantial additional property. Moreover, each Defendant is subject to general jurisdiction in this Court.

8. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§1391 and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT 6,904,283

9. Adaptix refers to and incorporates herein the allegations of Paragraphs 1-8 above.

10. The '283 Patent was duly and legally issued by the United States Patent and Trademark Office on June 7, 2005, after full and fair examination. Adaptix is the assignee of all rights, title, and interest in and to the '283 Patent and possesses all rights of recovery under the '283 Patent.

11. Clearwire Corp., Clearwire Legacy, and Sprint each has infringed and/or continues to infringe the '283 Patent by offering WiMAX ("Xohm" or "Clear") services to customers in compliance with the 802.16 and 802.16e WiMAX standards, and by making, using and/or selling the supporting WiMAX network used to provide such WiMAX services.

12. Adaptix is entitled to recover from each Defendant the damages sustained by Adaptix as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

13. Upon information and belief, each Defendant's infringement of the '283 Patent has been willful and deliberate, entitling Adaptix to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

14. Each Defendant's infringement of Adaptix's exclusive rights under the '283 Patent will continue to damage Adaptix's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT II – INFRINGEMENT OF U.S. PATENT 6,947,748

15. Adaptix refers to and incorporates herein the allegations of Paragraphs 1-14 above.

16. The '748 Patent was duly and legally issued by the United States Patent and Trademark Office on September 20, 2005, after full and fair examination. Adaptix is the assignee of all rights, title, and interest in and to the '748 Patent and possesses all rights of recovery under the '748 Patent.

17. Clearwire Corp., Clearwire Legacy, and Sprint each has infringed and/or continues to infringe the '748 Patent by offering WiMAX ("Xohm" or "Clear") services to customers in compliance with the 802.16 and 802.16e WiMAX standards, and by making, using and/or selling the supporting WiMAX network used to provide such WiMAX services.

18. Adaptix is entitled to recover from each Defendant the damages sustained by Adaptix as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

19. Upon information and belief, each Defendant's infringement of the '748 Patent has been willful and deliberate, entitling Adaptix to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

20. Each Defendant's infringement of Adaptix's exclusive rights under the '748 Patent will continue to damage Adaptix's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT III – INFRINGEMENT OF U.S. PATENT 7,072,315

21. Adaptix refers to and incorporates herein the allegations of Paragraphs 1-20 above.

22. The '315 Patent was duly and legally issued by the United States Patent and Trademark Office on July 4, 2006, after full and fair examination. Adaptix is the assignee of all rights, title, and interest in and to the '315 Patent and possesses all rights of recovery under the '315 Patent.

23. Clearwire Corp., Clearwire Legacy, and Sprint each has infringed and/or continues to infringe the '315 Patent by offering WiMAX ("Xohm" or "Clear") services to customers in compliance with the 802.16 and 802.16e WiMAX standards, and by making, using and/or selling the supporting WiMAX network used to provide such WiMAX services.

24. Adaptix is entitled to recover from each Defendant the damages sustained by Adaptix as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

25. Upon information and belief, each Defendant's infringement of the '315 Patent has been willful and deliberate, entitling Adaptix to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

26. Each Defendant's infringement of Adaptix's exclusive rights under the '315 Patent will continue to damage Adaptix's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT IV – INFRINGEMENT OF U.S. PATENT 7,146,172

27. Adaptix refers to and incorporates herein the allegations of Paragraphs 1-26 above.

28. The '172 Patent was duly and legally issued by the United States Patent and Trademark Office on December 5, 2006, after full and fair examination. Adaptix is the assignee

of all rights, title, and interest in and to the '172 Patent and possesses all rights of recovery under the '172 Patent.

29. Clearwire Corp., Clearwire Legacy, and Sprint each has infringed and/or continues to infringe the '172 Patent by offering WiMAX ("Xohm" or "Clear") services to customers in compliance with the 802.16 and 802.16e WiMAX standards, and by making, using and/or selling the supporting WiMAX network used to provide such WiMAX services.

30. Adaptix is entitled to recover from each Defendant the damages sustained by Adaptix as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

31. Upon information and belief, each Defendant's infringement of the '172 Patent has been willful and deliberate, entitling Adaptix to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

32. Each Defendant's infringement of Adaptix's exclusive rights under the '172 Patent will continue to damage Adaptix's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT V – INFRINGEMENT OF U.S. PATENT 7,379,742

33. Adaptix refers to and incorporates herein the allegations of Paragraphs 1-32 above.

34. The '742 Patent was duly and legally issued by the United States Patent and Trademark Office on May 27, 2008, after full and fair examination. Adaptix is the assignee of all rights, title, and interest in and to the '742 Patent and possesses all rights of recovery under the '742 Patent.

35. Clearwire Corp., Clearwire Legacy, and Sprint each has infringed and/or continues to infringe the '742 Patent by offering WiMAX ("Xohm" or "Clear") services to customers in compliance with the 802.16 and 802.16e WiMAX standards, and by making, using and/or selling the supporting WiMAX network used to provide such WiMAX services.

36. Adaptix is entitled to recover from each Defendant the damages sustained by Adaptix as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

37. Each Defendant's infringement of Adaptix's exclusive rights under the '742 Patent will continue to damage Adaptix's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT VI – INFRINGEMENT OF U.S. PATENT 7,454,212

38. Adaptix refers to and incorporates herein the allegations of Paragraphs 1-37 above.

39. The '212 Patent was duly and legally issued by the United States Patent and Trademark Office on November 18, 2008, after full and fair examination. Adaptix is the assignee of all rights, title, and interest in and to the '212 Patent and possesses all rights of recovery under the '212 Patent.

40. Clearwire Corp., Clearwire Legacy, and Sprint each has infringed and/or continues to infringe the '212 Patent by offering WiMAX ("Xohm" or "Clear") services to customers in compliance with the 802.16 and 802.16e WiMAX standards, and by making, using and/or selling the supporting WiMAX network used to provide such WiMAX services.

41. Adaptix is entitled to recover from each Defendant the damages sustained by Adaptix as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

42. Each Defendant's infringement of Adaptix's exclusive rights under the '212 Patent will continue to damage Adaptix's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## JURY DEMAND

43. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff Adaptix, Inc., respectfully requests this Court to enter judgment in its favor against Defendant, granting the following relief:

A. An adjudication that each Defendant has infringed and continues to infringe claims of the '283, '748, '315, '172, '742 and '212 Patents;

B. An award to Adaptix of damages adequate to compensate Adaptix for Defendants' acts of infringement together with prejudgment interest;

C. An award to Adaptix of enhanced damages, up to and including trebling of Adaptix's damages pursuant to 35 U.S.C. § 284, for Defendants' willful infringement;

D. An award of Adaptix's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

E. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement; and

F. Any further relief that this Court deems just and proper.

Dated: December 1, 2008

                        Respectfully submitted,

                        By:     /s/ Donald Puckett

                              Donald Puckett
                              Attorney-In-Charge
                              State Bar No. 24013358
                              dpuckett@thewarefirm.com
                              Leslie D. Ware
                              State Bar No. 00785179
                              lware@thewarefirm.com
                              Mark W. Born
                              State Bar No. 24034334
                              mborn@ thewarefirm.com
                              Eric S. Tautfest
                              State Bar No. 24028534
                              etautfest@thewarefirm.com

                              **THE WARE FIRM**
                              1701 North Market Street, Suite 330
                              Dallas, Texas 75202-2088

                              T. John Ward, Jr.
                              State Bar No. 00794818
                              jw@jwfirm.com

                              **WARD &  SMITH LAW FIRM**
                              111 W. Tyler St.
                              Longview, Texas 75601
                              (903) 757-6400
                              (903) 757-2323 Fax

                              Eric M. Albritton
                              State Bar No. 00790215
                              ema@emafirm.com

                              **ALBRITTON LAW FIRM**
                              P.O. Box 2649
                              Longview, Texas 75606
                              (903) 757-8449
                              (903) 758-7397 Fax

                              **ATTORNEYS FOR PLAINTIFF**
                              **ADAPTIX, INC.**