IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **ADAPTIX, INC.**<br>        **Plaintiff,**<br><br>v.<br><br>**CLEARWIRE CORPORATION,**<br>**CLEARWIRE LEGACY LLC,**<br>**and**<br>**SPRINT NEXTEL CORPORATION**<br>        **Defendants** | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **CIVIL ACTION NO. 6:08-cv-460**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Adaptix, Inc. ("Plaintiff" or "Adaptix"), by and through its undersigned counsel,

files this First Amended Complaint against Defendants Clearwire Corporation, Clearwire Legacy

LLC, and Sprint Nextel Corporation as follows:

## NATURE OF THE ACTION

1.     This lawsuit pertains to Defendants' infringement of each of the following

patents: (1) U.S. Patent No. 6,904,283, titled "Multi-Carrier Communications With Group-Based

Subcarrier Allocation" (the "'283 Patent"); (2) U.S. Patent No. 6,947,748, titled "OFDMA With

Adaptive Subcarrier-Cluster Configuration and Selective Loading" (the "'748 Patent"); (3) U.S.

Patent No. 7,072,315, titled "Medium Access Control for Orthogonal Frequency-Division

Multiple-Access (OFDMA) Cellular Networks" (the "'315 Patent"); (4) U.S. Patent No.

7,146,172, titled "Multi-Carrier Communications With Adaptive Cluster Configuration and

Switching" (the "'172 Patent"); (5) U.S. Patent No. 7,379,742, titled "Multi-Carrier

Communications With Adaptive Cluster Configuration and Switching" (the "'742 Patent"); (6)

U.S. Patent No. 7,454,212 titled "OFDMA with Adaptive Subcarrier-Cluster Configuration and

Selective Loading," (the "'212 Patent"); and (7) U.S. Patent No. 7,489,934 titled "OFDMA with

Adaptive Subcarrier-Cluster Configuration and Selective Loading," (the "'934 Patent").  Copies

of the '283, '748, '315, '172, '742, '212, and '934 Patents are attached hereto as Exhibits "A"

through "G" respectively.  All of the patents asserted in this lawsuit are referred to collectively as

the "Patents."

## **PARTIES**

2.      Plaintiff Adaptix, Inc. is a corporation organized under the laws of the State of

Delaware, with its principal place of business at 4100 Midway Road, Suite 1025, Carrollton,

Texas 75007.  Adaptix is the assignee of all right, title, and interest in and to the Patents.

3.      Defendant Clearwire Corporation ("Clearwire Corp.") is a corporation organized

and existing under the laws of the State of Delaware.  Clearwire Corp. was incorporated on or

about May 14, 2008 and was formerly known as "New Clearwire Corporation" until

approximately November 28, 2008.  Clearwire Corp.'s principal place of business is located at

4400 Carillon Point, Kirkland, Washington 98033.  Clearwire Corp. does business in Texas and

in the Eastern District of Texas.  Clearwire Corp. may be served via its registered agent for

service of process: Corporation Service Co., 2711 Centerville Road, Suite 400, Wilmington DE

19808.  Clearwire Corp. has appeared and answered in this lawsuit.

4.      Defendant Clearwire Legacy LLC ("Clearwire Legacy") is a corporation

organized and existing under the laws of the State of Delaware.  Clearwire Legacy was

incorporated on or about May 14, 2008.  Clearwire Legacy was formerly known as "Clearwire

Mergersub LLC" until approximately October 15, 2008, and was formerly known as "Clearwire Sub LLC" until approximately December 1, 2008. Clearwire Legacy's principal place of business is located at 4400 Carillon Point, Kirkland, Washington 98033. Clearwire does business in Texas and in the Eastern District of Texas. Clearwire Legacy may be served via its registered agent for service of process, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington DE 19808. Clearwire Legacy has appeared and answered in this lawsuit.

5. Defendant Sprint Nextel Corporation ("Sprint ") is a corporation organized and existing under the laws of the State of Kansas, with its principal place of business located at 6500 Sprint Parkway HL-5A STX, Overland Park, KS 66251. Sprint Nextel does business in the State of Texas and in the Eastern District of Texas. Sprint Nextel may be served via its registered agent for service of process, Corporation Service Company, 200 SW 30th Street, Topeka, KS 66611. Sprint has appeared and answered in this lawsuit.

<u>**JURISDICTION AND VENUE**</u>

6. This action arises under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. § 271. This Court has original and exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

7. The Court has personal jurisdiction over each Defendant. Each Defendant has conducted and does conduct business within the State of Texas. Each Defendant, directly and/or through intermediaries (including distributors, retailers, and others), offers for sale, sells, advertises, and/or uses its products and services in the United States, the State of Texas, and the Eastern District of Texas. Each Defendant, directly and/or through intermediaries, has committed patent infringement within the State of Texas, and, more particularly, within the

Eastern District of Texas.  Each Defendant, directly and/or through intermediaries, owns or has owned property located in Texas and the Eastern District of Texas, including the property that it has used to commit patent infringement as well as substantial additional property.  Moreover, each Defendant is subject to general jurisdiction in this Court.  Each Defendant has appeared and answered in this lawsuit.

8.     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§1391 and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT 6,904,283

9.     Adaptix refers to and incorporates herein the allegations of Paragraphs 1-8 above.

10.     The '283 Patent was duly and legally issued by the United States Patent and Trademark Office on June 7, 2005, after full and fair examination.  Adaptix is the assignee of all rights, title, and interest in and to the '283 Patent and possesses all rights of recovery under the '283 Patent.

11.     Clearwire Corp., Clearwire Legacy, and Sprint each has infringed and/or continues to infringe the '283 Patent by offering WiMAX ("Xohm" or "Clear") services to customers in compliance with the 802.16 and 802.16e WiMAX standards, and by making, using and/or selling the supporting WiMAX network used to provide such WiMAX services.

12.     Adaptix is entitled to recover from each Defendant the damages sustained by Adaptix as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

13.     Upon information and belief, each Defendant's infringement of the '283 Patent has been willful and deliberate, entitling Adaptix to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

14.     Each Defendant's infringement of Adaptix's exclusive rights under the '283 Patent will continue to damage Adaptix's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT II – INFRINGEMENT OF U.S. PATENT 6,947,748

15.     Adaptix refers to and incorporates herein the allegations of Paragraphs 1-14 above.

16.     The '748 Patent was duly and legally issued by the United States Patent and Trademark Office on September 20, 2005, after full and fair examination.  Adaptix is the assignee of all rights, title, and interest in and to the '748 Patent and possesses all rights of recovery under the '748 Patent.

17.     Clearwire Corp., Clearwire Legacy, and Sprint each has infringed and/or continues to infringe the '748 Patent by offering WiMAX ("Xohm" or "Clear") services to customers in compliance with the 802.16 and 802.16e WiMAX standards, and by making, using and/or selling the supporting WiMAX network used to provide such WiMAX services.

18.     Adaptix is entitled to recover from each Defendant the damages sustained by Adaptix as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

19.     Upon information and belief, each Defendant's infringement of the '748 Patent has been willful and deliberate, entitling Adaptix to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

20.     Each Defendant's infringement of Adaptix's exclusive rights under the '748 Patent will continue to damage Adaptix's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT III – INFRINGEMENT OF U.S. PATENT 7,072,315

21.     Adaptix refers to and incorporates herein the allegations of Paragraphs 1-20 above.

22.     The '315 Patent was duly and legally issued by the United States Patent and Trademark Office on July 4, 2006, after full and fair examination.  Adaptix is the assignee of all rights, title, and interest in and to the '315 Patent and possesses all rights of recovery under the '315 Patent.

23.     Clearwire Corp., Clearwire Legacy, and Sprint each has infringed and/or continues to infringe the '315 Patent by offering WiMAX ("Xohm" or "Clear") services to customers in compliance with the 802.16 and 802.16e WiMAX standards, and by making, using and/or selling the supporting WiMAX network used to provide such WiMAX services.

24.     Adaptix is entitled to recover from each Defendant the damages sustained by Adaptix as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

25.     Upon information and belief, each Defendant's infringement of the '315 Patent has been willful and deliberate, entitling Adaptix to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

26.     Each Defendant's infringement of Adaptix's exclusive rights under the '315 Patent will continue to damage Adaptix's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT IV – INFRINGEMENT OF U.S. PATENT 7,146,172

27.     Adaptix refers to and incorporates herein the allegations of Paragraphs 1-26 above.

28.     The '172 Patent was duly and legally issued by the United States Patent and Trademark Office on December 5, 2006, after full and fair examination.  Adaptix is the assignee of all rights, title, and interest in and to the '172 Patent and possesses all rights of recovery under the '172 Patent.

29.     Clearwire Corp., Clearwire Legacy, and Sprint each has infringed and/or continues to infringe the '172 Patent by offering WiMAX ("Xohm" or "Clear") services to customers in compliance with the 802.16 and 802.16e WiMAX standards, and by making, using and/or selling the supporting WiMAX network used to provide such WiMAX services.

30.     Adaptix is entitled to recover from each Defendant the damages sustained by Adaptix as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

31.     Upon information and belief, each Defendant's infringement of the '172 Patent has been willful and deliberate, entitling Adaptix to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

32.     Each Defendant's infringement of Adaptix's exclusive rights under the '172 Patent will continue to damage Adaptix's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT V – INFRINGEMENT OF U.S. PATENT 7,379,742

33.     Adaptix refers to and incorporates herein the allegations of Paragraphs 1-32 above.

34.     The '742 Patent was duly and legally issued by the United States Patent and Trademark Office on May 27, 2008, after full and fair examination.  Adaptix is the assignee of

all rights, title, and interest in and to the '742 Patent and possesses all rights of recovery under the '742 Patent.

35.     Clearwire Corp., Clearwire Legacy, and Sprint each has infringed and/or continues to infringe the '742 Patent by offering WiMAX ("Xohm" or "Clear") services to customers in compliance with the 802.16 and 802.16e WiMAX standards, and by making, using and/or selling the supporting WiMAX network used to provide such WiMAX services.

36.     Adaptix is entitled to recover from each Defendant the damages sustained by Adaptix as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

37.     Each Defendant's infringement of Adaptix's exclusive rights under the '742 Patent will continue to damage Adaptix's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT VI – INFRINGEMENT OF U.S. PATENT 7,454,212

38.     Adaptix refers to and incorporates herein the allegations of Paragraphs 1-37 above.

39.     The '212 Patent was duly and legally issued by the United States Patent and Trademark Office on November 18, 2008, after full and fair examination.  Adaptix is the assignee of all rights, title, and interest in and to the '212 Patent and possesses all rights of recovery under the '212 Patent.

40.     Clearwire Corp., Clearwire Legacy, and Sprint each has infringed and/or continues to infringe the '212 Patent by offering WiMAX ("Xohm" or "Clear") services to customers in compliance with the 802.16 and 802.16e WiMAX standards, and by making, using and/or selling the supporting WiMAX network used to provide such WiMAX services.

41.     Adaptix is entitled to recover from each Defendant the damages sustained by Adaptix as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

42.     Each Defendant's infringement of Adaptix's exclusive rights under the '212 Patent will continue to damage Adaptix's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT VII – INFRINGEMENT OF U.S. PATENT 7,489,934

43.     Adaptix refers to and incorporates herein the allegations of Paragraphs 1-42 above.

44.     The '934 Patent was duly and legally issued by the United States Patent and Trademark Office on February 10, 2009, after full and fair examination.  Adaptix is the assignee of all rights, title, and interest in and to the '934 Patent and possesses all rights of recovery under the '934 Patent.

45.     Defendants Clearwire Corp. and Clearwire Legacy has infringed and/or continues to infringe the '934 Patent by offering WiMAX ("Xohm" or "Clear") services to customers in compliance with the 802.16 and 802.16e WiMAX standards, and by making, using and/or selling the supporting WiMAX network used to provide such WiMAX services.

46.     Adaptix is entitled to recover from Clearwire Corp. and Clearwire Legacy the damages sustained by Adaptix as a result of Clearwire Corp.'s wrongful acts in an amount subject to proof at trial.

47.     Each Defendant's infringement of Adaptix's exclusive rights under the '934 Patent will continue to damage Adaptix's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## JURY DEMAND

48.     Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff Adaptix, Inc., respectfully requests this Court to enter judgment in its favor against Defendant, granting the following relief:

A.      An adjudication that each Defendant has infringed and continues to infringe claims of the '283, '748, '315, '172, '742, '212, and '934 Patents;

B.      An award to Adaptix of damages adequate to compensate Adaptix for Defendants' acts of infringement together with prejudgment interest;

C.      An award to Adaptix of enhanced damages, up to and including trebling of Adaptix's damages pursuant to 35 U.S.C. § 284, for Defendants' willful infringement;

D.      An award of Adaptix's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

E.      A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement; and

F.      Any further relief that this Court deems just and proper.

Dated: February 10, 2009

Respectfully Submitted,

By:      /s/  Donald Puckett
       Donald Puckett
       Attorney-In-Charge
       State Bar No. 24013358
       dpuckett@thewarefirm.com
       Leslie D. Ware
       State Bar No. 00785179
       lware@thewarefirm.com
       Mark W. Born
       State Bar No. 24034334
       mborn@thewarefirm.com
       Eric S. Tautfest
       State Bar No. 24028534
       etautfest@thewarefirm.com
       George Scott
       State Bar No. 24061276
       gscott@thewarefirm.com

       **THE WARE FIRM**
       2101 Cedar Springs Road
       Suite 1900
       Dallas, Texas 75201
       214-744-5000 Telephone
       214-744-5013 Facsimile

       T. John Ward, Jr.
       State Bar No. 00794818
       jw@jwfirm.com
       **WARD &  SMITH LAW FIRM**
       111 W. Tyler St.
       Longview, Texas 75601
       (903) 757-6400
       (903) 757-2323 Fax

       Eric M. Albritton
       State Bar No. 00790215
       ema@emafirm.com
       **ALBRITTON LAW FIRM**
       P.O. Box 2649
       Longview, Texas 75601
       (903) 757-8449 Tel.

       **ATTORNEYS FOR PLAINTIFF ADAPTIX, INC.**

PLAINTIFF'S FIRST AMENDED COMPLAINT            Page 11

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) today, February 10, 2009.  Any other counsel of record will be served by postage paid, certified first class mail, return receipt requested.

/s/      Donald Puckett